United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Herman Miller, Inc, | No. C 10-1608 CRB  (JL) |
| Plaintiff, | |
| v. | **ORDER** |
| Zuo Modern Contemporary, Inc, et al., | |
| Defendants. | |
| _____/ | |

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) under 28 U.S.C. §636(b). This Court received Defendant Danrick Commerce Group's motion e-filed at Docket # 62 to compel answers by Plaintiff Herman Miller to Danrick's Interrogatories 4, 6, and 8.

Plaintiff in its opposition brief, e-filed at Docket # 65, argued *inter alia*, that the additional responses that Danrick moved to compel were actually responsive to Danrick's Interrogatories 11 and 12, to which Plaintiff's responses were not due until November 2. Mediation in this case is scheduled for November 4. Nevertheless, Plaintiff in its opposition brief also promised to respond to Interrogatories 11 and 12 on or before October 25.

This Court denied the motion to compel without prejudice and ordered the parties to meet and confer. The Court received the parties' update, as provided in the Court's order, and hereby denies the motion to compel further answers to interrogatories.

1   The Court accepts Plaintiff's representation that it has answered interrogatories 4, 6, 2 and 8 to the best of its ability regarding when in time it obtained secondary meaning in its 3 asserted trade dress in the Eames Lounge and Ottoman; Eames Aluminum Group; and the 4 Eames Soft Pad chairs. Plaintiff responded that these trade dresses acquired their 5 secondary meaning "a long time before Danrick began selling the accused products. The 6 date Danrick began such sales lies within the possession of Danrick."

7   The Court finds that this answers the Interrogatory, albeit curtly. However, the Court 8 also finds that a reasonable follow-up to this Interrogatory, in the form of an Interrogatory or 9 Request for Production of Documents, would be "What is the basis for or evidence in 10 Plaintiff's possession custody or control that supports its contention that the trade dress 11 acquired its secondary meaning 'a long time before Danrick began selling the accused 12 products.'"

13   Accordingly, the motion to compel further responses to Interrogatories 4, 6, and 8 is 14 denied.

15   IT IS SO ORDERED

16 DATED: November 4, 2010

_____
JAMES LARSON
United States Magistrate Judge

22 G:\JLALL\CASES\CIV-REF\10-1608\further order.wpd